## T. E. Caron v. J. N. Fraser.

1. CONSIDERATION—*Of a Contract Applies to Future Modifications.*
—When a contract is made upon an ample consideration and is after-
ward modified by separate instruments, the whole constitutes but one
contract, and the consideration of the original contract applies to and is
sufficient for the modifications.

**Bill for Injunction.**—Trial in the Circuit Court of Kankakee County;
the Hon. JOHN SMALL, Judge, presiding. Hearing and decree for
defendant. Appeal by complainant. Heard in this court at the May
term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

W. R. HUNTER, attorney for appellant.

POTTER & SMITH and H. K. WHEELER, attorneys for
appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.
This was a bill in equity filed by appellant against appel-
lee, to enjoin the latter from practicing medicine in the
county of Kankakee, pursuant to a written contract between
them. Answer was filed by the appellee, in which he
denied the validity of the contract by which he agreed not
to practice medicine in Kankakee county, for the reason
that it was without consideration and void. On the hearing
the court entered its findings and decree against appellant,
from which he prosecutes this appeal, and insists the find-
ing and decree of the court is against the evidence in the
case.

It appears that Dr. Fraser had practiced medicine and
surgery in Kankakee and vicinity for many years. He
owned two lots on which were his residence and office.
Desiring to move to Chicago, he placed his property in the
hands of his son, William Fraser, as his agent, to sell.
Appellant, being a young physician and surgeon, recently
located at Bourhannais, a village near by, desiring to locate
at Kankakee, appellee's agent went to him to sell the prop-

Caron v. Fraser.

erty. Negotiations resulted in a written contract for the real estate, household effects and office furniture and fixtures, dated January 21, 1896, and was executed by them January 21 or 22, 1896. Another contract was made by them for the sale of the good will of appellee, as physician and surgeon in Kankakee county, reciting the making of the other contract, and that the $3,500 was paid by appellant, not only for the real estate, household effects and office furniture and fixtures, but also for the good will of appellee. In the second contract it is agreed appellee, in consideration of $3,500, shall never again practice medicine or surgery within Kankakee county, nor interfere in such practice therein. Later the parties modified the contract so that Dr. Fraser would not so practice while Dr. Caron practiced there; and for Dr. Fraser to attend consultations or perform operations in isolated cases, would not be a violation of the contract. These three instruments are under seal, and as we regard them, in view of all the evidence, together constitute but one contract, supported by the same consideration; and the first two were made at the same time, and are one transaction, the modification having been made for the benefit of appellee.

Appellee claims appellant bought the real estate, household effects and office furniture and fixtures for $3,500, and that the papers to that effect were executed, at which time the contract concerning the good will and refraining from practice was unmentioned and not contemplated, the same having been made later, about February 25th, and dated back, and was therefore without consideration.

Upon consideration of the whole evidence we believe there was an oral contract or understanding, before any writing was entered into, that appellee would not practice medicine or surgery in Kankakee county; and by a fair preponderance of the evidence the first two papers were drawn about the same time, and the modification at the later period. Notwithstanding there is a conflict of evidence upon these points, still the written declaration of the parties that the $3,500 was in consideration, not only of the real estate

and other property, but also the good will and the agreement not to practice, and that each were parts of one contract, is entitled to great weight; and in the absence of clear proof to the contrary, should control the issues in this respect. No mere difference in the recollection of witnesses as to the date of signing the written documents should be permitted to overcome the deliberate written declaration of the parties interested, made at or near the time of the transaction.

We think the appellant entitled to a decree in accordance with the prayer of his bill, and the decree of the Circuit Court will be reversed and the cause remanded with directions to enter a decree in conformity with the views herein expressed.

Reversed and remanded.